UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND WAYNE BARLOW,

        Petitioner,

v.                                       CASE NO. 09-10884
                                          HONORABLE GEORGE CARAM STEEH

CAROL HOWES,

        Respondent.
_____/

## OPINION AND ORDER
## DENYING THE HABEAS CORPUS PETITION,
## DENYING A CERTIFICATE OF APPEALABILITY, BUT
## GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Raymond Wayne Barlow ("petitioner") is a state prisoner at Lakeland Correctional Facility in Coldwater, Michigan. He has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. The pleading challenges petitioner's convictions for armed robbery, assault with intent to commit murder, and possession of a firearm during the commission of a felony (felony firearm). Warden Carol Howes ("respondent") urges the Court through counsel to deny the petition.

Having reviewed the pleadings and record, the Court concludes that petitioner is not entitled to the relief he seeks. Accordingly, the petition will be denied.

### I. Background

### A. The Facts

Petitioner was charged in Wayne County, Michigan with one count of armed robbery, two counts of assault with intent to commit murder, two counts of felonious

assault, and one count of felony firearm.  The charges arose from an incident in Lincoln Park, Michigan on July 1, 2005. The record indicates that Petitioner removed five sets of cologne from a Sears department store that day without paying for the items.  When a loss-prevention officer confronted him outside the store, he dropped the merchandise and attempted to walk away.  The officer grabbed petitioner by one arm, and a second loss-prevention officer grabbed petitioner by the other arm.  Petitioner managed to reach into his pants pocket and pull out a gun.  He shot one of the officers two times and then left in a van driven by another person.  One of the loss-prevention officers observed the licence plate number on the van, and the police determined that petitioner was the suspect.  They found him hiding in his home on July 6, 2005.

Following his arrest, petitioner made a statement to the police in which he admitted that he went to Sears to steal cologne because he needed money and he knew that he could sell the cologne.  He claimed that he forgot he had the gun in his pants and that the gun accidentally discharged when he took it out of his pocket and struggled with the loss-prevention officers.

### B.  The Plea, Sentence, and Appeals

On September 29, 2005, petitioner pleaded no contest in Wayne County Circuit Court to armed robbery, Mich. Comp. Laws § 750.529, one count of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and felony firearm, Mich. Comp. Laws § 750.227b.  In return, the prosecutor dismissed the two felonious assault charges and one count of assault with intent to commit murder.  In addition, the trial court agreed to sentence petitioner to two years for the felony firearm conviction, followed by concurrent terms of 126 months (ten and half years) to thirty years for the armed robbery and

assault charges. On October 14, 2005, the trial court sentenced Petitioner pursuant to the plea and sentencing agreement.

In an application for leave to appeal, petitioner argued through counsel that he was sentenced on the basis of conduct not admitted at his plea, nor found by a jury beyond a reasonable doubt. The Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented. *See People v. Barlow*, No. 270970 (Mich. Ct. App. July 28, 2006). On October 31, 2006, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Barlow*, 477 Mich. 918; 722 N.W.2d 816 (2006).

On November 26, 2007, petitioner filed a motion for relief from judgment in which he alleged that (1) he was denied his constitutional right to effective assistance of counsel where the factual basis for his plea was not supported by the record, (2) he was improperly charged, and (3) he was denied his right to plead no contest to the correct charge due to prosecutorial misconduct. The trial court denied petitioner's motion after concluding that petitioner's attorneys were not ineffective and that petitioner had failed to show "cause" for not raising his claims on appeal and actual prejudice from the alleged irregularities.

In a subsequent appeal from the trial court's order, petitioner alleged that he was improperly charged and that his plea was involuntary because he was charged under the wrong statute. The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Barlow*, No. 284726 (Mich. Ct. App. Sept. 23, 2008).

Petitioner raised the same issues in the Michigan Supreme Court, along with two

new issues, which alleged ineffective assistance of counsel and prosecutorial misconduct. The Michigan Supreme Court denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Barlow*, 483 Mich. 894; 760 N.W.2d 485 (2009).

### C. The Habeas Petition and Answer

Petitioner filed his habeas corpus petition on March 9, 2009. He alleges that: (1) he was denied his constitutional right to effective assistance of counsel by counsel's failure to investigate, to assert a viable defense, and to present mitigating evidence at sentencing; (2) his plea was involuntary because he was charged under the wrong statute; and (3) his appellate attorney was ineffective for failing to raise a claim challenging the sufficiency of the evidence.

Respondent argues in her answer to the petition that petitioner's claims lack merit and are unexhausted or procedurally defaulted. The doctrines of exhaustion of state remedies and procedural default are not jurisdictional requirements. *Pudelski v. Wilson*, 576 F.3d 595, 606 (6th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 3274 (2010). Thus, there is no need to consider whether petitioner's claims are exhausted or procedurally defaulted. The Court will proceed to address petitioner's claims on their merits, using the following standard of review.

### II. Standard of Review

State prisoners are entitled to the writ of habeas corpus only if the state court's adjudication of their claims on the merits

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>  (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. "[W]here factual findings are challenged, the habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings are correct." *Goodwin v. Johnson*, 632 F.3d 301, 308 (6th Cir. 2011) (citing 28 U.S.C. § 2254(e)(1) and *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, __, 131 S. Ct. 770, 786 (2011). To obtain a writ of habeas corpus from a federal court, a petitioner must show that the state court's decision "was so lacking in justification" that it resulted in "an error well

5

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

### III.  Discussion

The essence of petitioner's three claims is that, at most, he is guilty of retail fraud, not armed robbery. At the time of petitioner's plea, the elements of armed robbery were: (1) the use of force or violence or assaulting anyone present or putting the person in fear, (2) in the course of committing a larceny, (3) while in possession of a dangerous weapon or an article used or fashioned to lead any person present to reasonably believe that the article was a dangerous weapon or while representing that he or she is in possession of a dangerous weapon. Mich. Comp. Laws §§ 750.529 and 750.530; *People v. Chambers*, 277 Mich. App. 1, 7; 742 N.W.2d 610, 614 (2007); Mich. CJI2d 18.1. The phrase "in the course of committing a larceny" encompasses "acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." Mich. Comp. Laws § 750.530(2).

The record before the Court reveals that, in the course of committing a larceny, petitioner assaulted a loss-prevention officer to facilitate his escape. He took property out of Sears without paying for it and when he was grabbed by two loss-prevention officers, he pulled a gun out of his pocket, and shot an officer two times in an attempt to escape. Thus, the elements of armed robbery were satisfied. Having reached this conclusion, the Court will proceed to address petitioner's claims about his attorneys and his plea.

### A.  Trial Counsel

Petitioner alleges that his trial attorney deprived him of effective assistance of counsel by failing to investigate a viable defense to the charges and by failing to present mitigating evidence at sentencing. According to petitioner, if counsel had investigated the facts and become familiar with the evidence, she would have realized that petitioner's conduct was nothing more than retail fraud. Petitioner contends that his attorney advised him to plead no contest to a crime that never existed and that counsel presented no mitigating evidence at sentencing, such as the fact that he abandoned the property and accidentally fired the gun.

### 1. Clearly Established Federal Law

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### 2. Application

The two loss-prevention officers involved in this case identified petitioner at the

preliminary examination as the man whom they attempted to apprehend for larceny at the Sears store on July 1, 2005. Petitioner subsequently confessed to the police that he went to Sears to steal cologne. He also admitted that he pulled the gun out of his pocket when confronted by two men and that the gun discharged accidentally. He went on to say that, during the struggle, he fired one more time and then fled the area.

These facts and other facts set forth in the police reports and at the preliminary examination indicate that petitioner was guilty of armed robbery. He possessed a gun and assaulted a person in the course of committing a larceny. The larceny was complete when he exited the store without paying for the cologne, and even if he were deemed to have abandoned the cologne, "a completed larceny is no longer required for a conviction of armed robbery." *People v. Williams*, 288 Mich. App. 67, 73; 792 N.W.2d 384, 387 (2010), *application for leave to appeal granted*, 489 Mich. 856; 795 N.W.2d 15 (2011).

As for petitioner's claim that the gun discharged accidentally, the testimony at the preliminary examination suggested otherwise. David DeGraff testified that petitioner pointed a handgun at him. He later realized that he had been shot in the leg and in the arm. (Tr. July 19, 2005, at 29-32, 41.) Martiel Hollis testified that petitioner reached for his pocket and subsequently "directed" or pointed a gun at Mr. DeGraff. (*Id.* at 59-60, 85.)

Because the facts supported the charges and because the plea and sentencing agreement were favorable, trial counsel was not ineffective for recommending that petitioner plead no contest. Petitioner's conduct amounted to more than mere retail fraud, and there was no viable defense to the charges inasmuch as he admitted to

pulling the gun out of his pocket and was observed pointing the gun at one of the loss-prevention officers.

As for counsel's failure to present mitigating evidence at sentencing, there was little need to present mitigating evidence because the parties and the trial court had already agreed to a sentence of 126 months to thirty years plus two years for the felony firearm conviction. Furthermore, the trial court *sua sponte* acknowledged that petitioner had no prior felony convictions and that the crimes was out of character for him. The court also opined that petitioner should be given a "break" for taking responsibility for his actions. The court then sentenced petitioner to a minimum sentence at the bottom of the sentencing guidelines.

The Court concludes that trial counsel's performance at sentencing was not deficient and that the alleged deficiency did not prejudice Petitioner. The Court further concludes that trial counsel was not ineffective for recommending that petitioner plead no contest. Petitioner, therefore, has no right to relief on the basis of his first claim.

### B.  The Plea

The second habeas claim alleges that petitioner's plea was involuntary and illusory because he was charged with the wrong statute and is actually innocent of armed robbery. A guilty or no contest plea must be a knowing, voluntary, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences, because the plea is a waiver of various federal constitutional rights. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Fautenberry v. Mitchell*, 515 F.3d 614, 636-37 (6th Cir. 2008). The voluntariness of a plea is "determined only by considering all of the relevant circumstances surrounding it." *Brady*, 397 U.S. at 749.

9

The facts, as alleged at the preliminary examination and in the police report, supported all three of petitioner's convictions. Thus, petitioner has failed to demonstrate that he was charged with the wrong statute and is actually innocent of the crimes for which he was sentenced. Petitioner also has failed to show that his plea was illusory. Three counts were dismissed, and the trial court agreed to sentence petitioner at the bottom of the sentencing guidelines.

The record also indicates that petitioner pleaded no contest voluntarily and intelligently. He was given notice at the preliminary examination that an individual who commits a theft while in possession of a dangerous weapon and who uses the handgun for purposes of flight is guilty of armed robbery. (Tr. July 19, 2005, at 96.)

Petitioner was thirty-eight years old at his subsequent no-contest plea, and he claimed that he understood the charges to which he was pleading no contest, as well as, the maximum penalties for the charged offenses. He also claimed to understand the plea and sentencing agreement, and he agreed to accept the proposed sentence of 126 months to thirty years plus two years for the felony firearm conviction. He further agreed to have the police report serve as the factual basis for his plea, and he stated that he understood the constitutional rights that he was waiving by pleading no contest. He had no questions about his rights, and he said that no one had threatened him or promised him anything other than what had been discussed in court. When the trial court asked petitioner whether he knew what was going on and was ready to plead no contest, petitioner answered, "Yes, your Honor."

The Court concludes that petitioner's plea was voluntary, knowing, and intelligent and not illusory. To the extent that petitioner is claiming there was an insufficient factual

basis for his plea, his claim is not cognizable on habeas review, because "[t]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) (citing *Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir. 1993)).

### C. Appellate Counsel

The third and final habeas claim alleges that Petitioner's appellate attorney was ineffective for failing to challenge the sufficiency of the evidence supporting the charges for armed robbery and assault with intent to commit murder. Petitioner maintains that he should have been charged with retail fraud, not armed robbery.

To prevail on his claim, petitioner must demonstrate that his appellate attorney's performance was deficient and that the deficient performance prejudiced the appeal. *Strickland,* 466 U.S. at 687; *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (stating that the proper standard for evaluating the petitioner's claim about appellate counsel is that enunciated in *Strickland*). Petitioner was not entitled to compel his attorney to raise all nonfrivolous claims on appeal, *Jones v. Barnes*, 463 U.S. 745, 751 (1983), and, as previously explained, the evidence supported the charges. The Court therefore concludes that appellate counsel was not ineffective for failing to challenge the factual basis for petitioner's plea or the sufficiency of the evidence supporting the charges against petitioner.

### IV. Conclusion

The state courts' rejection of petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme

Court precedent, or an unreasonable determination of the facts.  Accordingly, the petition for a writ of habeas corpus [Dkt. #1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not debate the Court's assessment of petitioner's claims, or conclude that the issues deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner nevertheless may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated:  July 5, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 5, 2011, and also to Raymond Barlow at Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---